## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFINY LASHEA BELL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-8985** |
| **ETOWAH COUNTY DETENTION CENTER, ET AL.** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

Tiffiny Lashea Bell is a pretrial detainee incarcerated at the Etowah County Detention Center in Gadsden, Alabama. In September of 2017, she submitted to this Court a federal civil rights complaint listing herself and a number of other individuals as plaintiffs.[1] The listed defendants are the Etowah County Detention Center and two individuals who are apparently employed by Etowah County, Alabama. In the complaint, plaintiffs assert claims arising from their confinement at the detention center. That complaint was unaccompanied by either the required filing fee or pauper applications for any of the named plaintiffs.

On September 18, 2017, the Clerk of Court notified Bell that she and the other plaintiffs must (1) either pay the filing fee or submit applications to proceed *in forma pauperis* and (2) correct other defects in their complaint.[2] The Clerk of Court has received no response to that notice.

Because plaintiffs have neither paid the required filing fee nor requested and been granted pauper status, their complaint is not properly before the Court. Accordingly, it should be dismissed on that basis.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.

Out of an abundance of caution, the undersigned also notes that, in any event, the plaintiffs have attempted to file this lawsuit in the wrong venue.  Plaintiffs filed this action pursuant to 42 U.S.C. § 1983.  Because that statute contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute.  See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973).  That statute provides:

> A civil action may be brought in –
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and no part of the events or omissions giving rise to plaintiffs' claims occurred within this district.  However, all of those events or omissions occurred in Etowah County, Alabama, which lies within the geographical boundaries of the United States District Court for the Northern District of Alabama, Middle Division.  28 U.S.C. § 81(a)(6).  Accordingly, if plaintiffs wish to pursue their claims, they should file a new complaint in the proper venue.

## RECOMMENDATION

It is therefore **RECOMMENDED** the complaint be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of November, 2017.

                                                    _____
                                                    **JANIS VAN MEERVELD**
                                                    **UNITED STATES MAGISTRATE JUDGE**